UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20cr-0314-MMA-2 |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| VAHRAM SIMONYAN (2), | |
| Defendant. | |

WHEREAS, in the Indictment and Bill of Particulars in the above-captioned case, the United States sought forfeiture of all right, title and interest in all property involved of the offense of money laundering of Defendant VAHRAM SIMONYAN (2) ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(1), as charged in Count 1 of the Indictment; and

WHEREAS, on or about August 2, 2021, Defendant pled guilty before U.S. Magistrate Judge William V. Gallo to Count 1 of the Indictment, charging Defendant with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), which plea included consent to the forfeiture allegations of the Indictment. Defendant also agreed to forfeit to the United States a money judgment in the amount of $642,053.31 as the amount of property involved in the offense by Defendant, and the following properties, for which forfeiture shall be included and incorporated as part of the judgment in this case:

    a.    $10,755 in cash seized on January 30, 2020 from 7850 Denivelle Road in Sunland, California; and

    b.    Numerous cellular telephones and other digital and electronic devices seized on January 30, 2020 from 7850 Denivelle Road in Sunland, California; and

WHEREAS, on August 23, 2021 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the United States has established the requisite nexus between the forfeitable properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable properties, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the properties which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that the properties described above and the $642,053.31 represent properties involved in the offense and property traceable to such property, that the Defendant obtained directly as a result of the offense to which he pled guilty, 18 U.S.C. § 1956(h), as charged in the Indictment; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for all the properties involved in the offense, including a forfeiture money judgment in the amount of $642,053.31, pursuant to 18 U.S.C. § 1956(h) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, Defendant agreed in his plea that the imposition of the money judgment shall be joint and several with Defendant's co-defendant, Davit Simonyan

(1), to the extent of $536,009.05, which represents properties involved in the offense which had been deposited in a joint account; and

WHEREAS, Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist for the full amount of the forfeiture money judgment and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant VAHRAM SIMONYAN (2) in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   a. $10,755 in cash seized on January 30, 2020 from 7850 Denivelle Road in Sunland, California;

   b. Numerous cellular telephones and other digital and electronic devices seized on January 30, 2020 from 7850 Denivelle Road in Sunland, California.

2. The aforementioned forfeited assets are to be held by the United States Secret Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of

//

1  the Government's response to any petition.  The Court may enter an amended order
2  without further notice to the parties.

3　　　　　4.　　Pursuant to the Attorney General's authority under Section 853(n)(1) of
4  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
5  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
6  the United States forthwith shall publish for thirty (30) consecutive days on the
7  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
8  the United States' intent to dispose of the properties in such manner as the Attorney
9  General may direct, and notice that any person, other than the Defendant, having or
10 claiming a legal interest in the above-listed forfeited properties must file a petition
11 with the Court within thirty (30) days of the final publication of notice or of receipt of
12 actual notice, whichever is earlier.

13　　　　　5.　　This notice shall state that the petition shall be for a hearing to
14 adjudicate the validity of the petitioner's alleged interest in the property, shall be
15 signed by the petitioner under penalty of perjury, and shall set forth the nature and
16 extent of the petitioner's right, title or interest in the forfeited property and any
17 additional facts supporting the petitioner's claim and the relief sought.

18　　　　　6.　　The United States shall also, to the extent practicable, provide direct
19 written notice to any person known to have alleged an interest in the property that is
20 the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
21 published notice as to those persons so notified.

22　　　　　7.　　Upon adjudication of all third-party interests, this Court will enter an
23 Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the
24 aforementioned assets, in which all interests will be addressed.

25　　　　IT IS FURTHER ORDERED, ADJUDGED AND DECREED:
26　　　　　8.　　In addition to forfeiture of the specific assets described above,
27 Defendant VAHRAM SIMONYAN (2) shall forfeit to the United States the
28 additional property involved in the offense in the amount of $642,053.31, which

forfeiture is in favor of the United States against Defendant VAHRAM SIMONYAN (2), with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

9. The $642,053.31 money judgment shall be joint and several with Defendant's co-defendant, Davit Simonyan (1), to the extent of $536,009.05; and

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

11. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

12. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

13. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $642,053.31 to satisfy the forfeiture in whole or in part; and

14. The United States may take any and all actions available to it to collect and enforce the forfeiture.

**IT IS SO ORDERED**.

Dated: October 1, 2021

HON. MICHAEL M. ANELLO
United States District Judge